IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lillie S. Evans, | ) |
| | ) Civil Action No.: 6:17-cv-02228-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's ("Magistrate Judge") Report and Recommendation ("Report") filed on August 20, 2018 (ECF No. 18). The Report addresses Plaintiff Lillie S. Evans' ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (ECF No. 18 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 18.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on March 30, 2016, and denied Plaintiff's claim for DIB and SSI. (ECF No. 7-3 at 21.) Although the ALJ found, "due to mental deficits, [Plaintiff] is limited to simple and routine tasks not performed at a production rate pace," the ALJ concluded that Plaintiff possessed "the residual

1

functional capacity to perform a full range of work at all exertional levels . . . ." (*Id.* at 14.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on June 29, 2017. (ECF No. 7-2 at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on August 22, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge found that the ALJ "erred in stating that 'no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment.'" (ECF No. 18 at 24 (citing ECF No. 7-3 at 12).) Additionally, the Report determined that the ALJ "ignore[d] the findings of Plaintiff's treating physicians" and failed to explain why the opinions of Plaintiff's treating physicians were disregarded. (*Id.* at 25.) The Report ultimately concluded that "the ALJ's listing analysis is [un]supported by substantial evidence." (*Id.*) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 26.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on August 20, 2018. (ECF No. 18.) Objections to the Report were due by September 4, 2018. (*Id.*) On August 31, 2018, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 20 at 1.) The Commissioner also informed the court that her failure to object "should not be construed as a concession . . . that her administrative decision denying benefits to Plaintiff was not substantially justified." (*Id.*) Plaintiff has not filed any objection to the Report.

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence as it relates to the listing analysis. (ECF No. 18 at 24-26.) The ALJ failed to sufficiently explain why the findings of Plaintiff's treating physicians were either ignored or given little weight. (ECF No. 7-3 at 17-19.) Since no specific objections were filed by either party, the court adopts the Report herein. *See Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the

Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 6, 2018
Columbia, South Carolina